Ejectment. — The plaintiff's patent was of younger date than that under which the defendants claimed; to overreach the defendants' grant, the plaintiff produced a copy of his entry, which called "to begin 200 yards below the spring represented in the plat, to include the spring, and improvement at the spring, and to run north and east for quantity." The patent begins 208 yards below the spring, and runs east and south for quantity. The defendants' entry was made previous to the plaintiff's survey; if the plaintiff's survey had begun at the place called for, included the spring and improvement, and extended east and north for complement, there would have been no interference, but on the contrary a quantity of vacant land between the two surveys; in the mode it had been surveyed there was an interference of 238 acres.
The plaintiff ought to have begun his survey 200 yards below the spring, and run east and north, by doing which he would *Page 173 
have included the spring and improvement, and not have interfered with the defendants; this entry is restrictive, and its restrictions must be observed in the survey. Agreeably to our course of practice, a younger grant with an elder entry will prevail against an elder grant and younger entry; but this is only in cases where the entry and grant thereon both cover the same land. So far as the grant covers land not included within the entry, it stands unsupported by the entry, and must yield to any fair grant of an earlier date.
The jury found for the defendants.
ORIGINAL NOTE. — In this case the plaintiff produced the man who made the location, to prove that the grant covered the land he intended to include in the location. Objected to by defendants' counsel.